WILLIAM ENSEY v. STATE.

No. A-2295.

Appeal from County Court, Washita County;

L. R. Shean , Judge.

William Ensey, convicted of violation of the prohibitory law, appeals. Reversed.

Brett & Billups, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM. The plaintiff in error, William Ensey, was tried in the county court of Washita county on an information charging that on or about the 24th day of January, 1914, he did then and there unlawfully and wilfully convey whisky from a place in the state of Oklahoma to the affiant unknown, to the City Hotel, in the town of Sentinel. The jury returned a verdict of guilty and assessed his punishment at thirty days' confinement in the county jail and a fine of fifty dollars.

On April 20, 1914, the court entered judgment in pursuance of the verdict. From the judgment an appeal was taken by filing in this court on June 16, 1914, a petition in error with case-made.

It is only necessary for the determination of this appeal to pass upon the sufficiency of the evidence to support the verdict. The complaining withness, John Massey, who signs the complaint by making his mark, and who on cross-examination admitted that he is an ex-convict, stated that as city marshal, he arrested the defendant for swearing, in Minion's restaurant, known as the City Hotel, and as the defendant raised up from the chair a bottle dropped on the floor; that there was a good many in the house at the time and some at the table eating; that witness picked up the bottle and put it in his overcoat pocket and told the defendant to come on, let's go, and they went to Mr. Goar's, a justice of the peace, and he plead guilty to swearing. Witness there set the bottle on the table. The defendant put the bottle in his pocket and walked down stairs.

For the defendant, J. L. Adams testified that he was coming out of the restaurant as the defendant was going in, and he called the defendant around the corner and asked him if he had any whisky and the defendant said "no," and went into the restaurant to get his supper; that the restaurant sold cider and it was kept in bottles.

R. B. Goar testified that he was town justice of the peace; that when the marshal brought the defendant before him he did not see any whisky, but saw that bottle, which was not a regular whisky bottle.

732       11 OKLAHOMA CRIMINAL REPORTS.

L. E. Elrod testified that he was with the defendant when he was arrested and saw the bottle when it fell on the floor; that when the defendant paid the fine he saw him pick the bottle up off the desk and they started home. That he tasted the contents of the bottle and it was cider. The bottle was offered in evidence, and he testified that its contents were the same that it contained when the defendant took it off Judge Goar's desk.

G. F. Minion testified that he handles cider at his restaurant, known as the City Hotel, and sold it in all kind of bottles.

The defendant as a witness in his own behalf testified that the bottle contained cider; that the bottle introduced as evidence and its contents were just the same; that he had no whisky of any kind upon his person when he went into the restaurant.

In our opinion the verdict of the jury is not supported by the evidence. Giving the evidence of the state full credence, by assuming that the bottle in question contained whisky, the evidence wholly fails to show that the defendant had this bottle on his person when he went to the City Hotel. This is the conveying that is charged in the information. Because the verdict is not warranted by the evidence, the judgment is reversed.